WADE M. HANSARD, ESQ.  (SPACE BELOW FOR FILING STAMP ONLY)
wade.hansard@mccormickbarstow.com
Nevada Bar No. 8104
JORDAN T. SMITH, ESQ.
jordan.smith@mccormickbarstow.com
Nevada Bar No. 12097
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113
Telephone:   (702) 949-1100
Facsimile:    (702) 949-1101
Attorneys for Plaintiff
LANCER INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANCER INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLS NEVADA, LLC dba CLS TRANSPORTATION LAS VEGAS; CARMEN VITO; CHRIS STONE and PREFERRED TRANSPORTATION SELF-INSURED GROUP,<br><br>Defendants. | CASE NO.: 2:11-cv-01755-KJD-PAL |

**PLAINTIFF'S *EX PARTE* MOTION TO ENLARGE TIME TO SERVE AND APPLICATION TO SERVE DEFENDANT BY PUBLICATION**

COMES NOW, Plaintiff LANCER INSURANCE COMPANY, by and through its attorneys of record of the law firm of McCormick, Barstow, Sheppard, Wayte, & Carruth and hereby submits this *Ex Parte* Motion to Enlarge Time to Serve and Application to Serve Defendant Chris Stone by Publication.

...

...

...

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

This is a declaratory relief action arising out of an altercation that occurred at the premises of CLS Transportation between two of the company's drivers. The Complaint was filed October 31, 2011. (Dkt #1). A summons was issued to all of the above-named Defendants on the same day. (Dkt. #3). Service was completed against Defendant Carmen Vito on February 16, 2012 with the Acceptance of Service Form filed on February 23, 2012. (Dkt. #5). Defendant Preferred Transportation was served on February 15, 2012 with the Certificate of Service filed on February 23, 2012. (Dkt. #6). Plaintiff, Lancer Insurance Company, is in the process of completing service against CLS Transportation through its registered agent.

However, after numerous diligent attempts to effectuate service on Defendant Chris Stone, Plaintiff has been unable to do so. Plaintiff has utilized online resources to attempt to find Mr. Stone. (Exhibit A at ¶ 4). Plaintiff has hired a process server to complete service. (Exhibit A at ¶ 5 and Exhibit B). The process server has made eight visits to the last known address of Mr. Stone over a period of a week to no avail.[1] (Exhibit B). Consequently, Plaintiff requests an extension of time to complete service and permission to serve Mr. Stone through publication.

## II. ARGUMENT

### A. Extending the 120-Day Service Period.

Federal Rule of Civil Procedure 4(m) mandates that a defendant must be served within 120 days after a complaint is filed. Id. Rule 4(m) also states that if service is not timely made, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time....If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Generally, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the Rules of Civil Procedure. See, e.g., Martin v. Longbeach, 246 F.3d 674 (9th Cir. 2000); McGuckin v. Smith, 974 F.2d 1050 (9th Cir.1992) (overruled on other grounds by WMX Technologies, Inc. v. Miller,

---

[1] It should be noted that the process server has observed lights on inside the residence but no one has answered the door. This could be indicative of attempts to evade service. (Exhibit B).

104 F.3d 1133 (9th Cir.1997)). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Martin, 246 F.3d at 674.

In this case, Plaintiff has made a good faith attempt to effectuate service upon Mr. Stone and Plaintiff's inability to serve him has been beyond Plaintiff's control. Plaintiff has hired a process server to serve Mr. Stone but has been unable to complete personal service after repeated attempts at Mr. Stone's last known address. Mr. Stone will not be prejudiced by this extension of time. Plaintiff would be prejudiced by being forced to re-file the present lawsuit. Therefore, Plaintiff requests an additional 120 days to effectuate serve through publication.

**B. Service by Publication.**

Federal Rule of Civil Procedure 4(e)(1) provides for service upon individuals who may be served "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1). Nevada Rule of Civil Procedure 4 governs service of parties under Nevada state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible NRCP 4(e)(1)(i), allows a party to file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." A party seeking service by publication, must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several factors Nevada courts look to when evaluating whether a party seeking service by publication has demonstrated due diligence. Nevada courts consider the number of attempts made by plaintiffs to serve the defendants at their residence and the other methods used to attempt to locate defendants. See Price v. Dunn, 787 P.2d 785, 786-87 (1990); Abreu v. Gilmer, 985 P.2d 746, 747 (1999); McNair v. Rivera, 874 P.2d 1240, 1241 (1994).

In Abreu, the plaintiff made three attempts to serve the defendant at his possible address and also consulted telephone company directories in trying to locate the defendant. 985 P.2d at 747. Based upon those efforts, the court determined that the plaintiff had exercised due diligence

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

in attempting service and could resort to service by publication. Id.

Here, Plaintiff has attempted to serve Mr. Stone at his last known address eight times. Furthermore, Plaintiff has been unable to find Mr. Stone by utilizing online resources. Plaintiff's process server has made a good faith effort to locate Mr. Stone without success, and as a result, Plaintiff must resort to service by publication.

### III. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests an additional 120 days to complete service against Mr. Stone and permission to complete such serve by means of publication.

Dated: February 27, 2012

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: /s/ Wade M. Hansard
WADE M. HANSARD, ESQ.
Nevada Bar No. 8104
JORDAN T. SMITH, ESQ.
Nevada Bar No. 12097
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113
Attorneys for LANCER
LANCER INSURANCE COMPANY

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: 2/28/12